IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) AGHORN OPERATING, INC., et al. | NO. 7:22-CR-00049-DC |

### GOVERNMENT'S UNOPPOSED MOTION TO INQUIRE INTO POTENTIAL CONFLICTS OF INTEREST

Comes now the United States of America, by and through the Department of Justice, and files this Government's Unopposed Motion to Inquire into Potential Conflicts of Interest, and respectfully moves the Court to inquire into potential conflicts of interest that might arise from Gerger, Hennessy, and Martin's previous representation of individual defendant Trent Day and its current representation of corporate defendant Aghorn Operating, Inc. (Aghorn). The government has conferred with counsel for the defendants who report that this issue was disclosed to the clients at the outset of this case and waived but will comply with whatever additional measures the Court believes appropriate. See Certificate of Conference. The government believes the Court should inquire, on the record, whether the defendants are aware of the conflict; whether any waivers given by defendants are knowing and take into account the potential hazards of this representation; and whether the defendants are aware of their ability to obtain counsel free of potential conflicts.

### FACTS

#### Procedural Background

A federal grand jury for the Western District of Texas returned an Indictment in this matter on March 3, 2022, charging defendant Aghorn in each of the nine counts, which include two violations of the Clean Air Act (Counts 1–2), three violations of the Occupational Safety and

Health Act (OSH Act) (Counts 3–5), two counts of obstructing an OSHA proceeding (Counts 6–7), one count of violating the Safe Drinking Water Act (Count 8), and one count of making false statements (Count 9) (Indictment, Doc. 1). Defendant Day, Aghorn's Vice President and the supervisor of all field operations and employees, was charged alongside Aghorn in Counts 1–2 and Counts 6–9. Defendants Aghorn and Day are joined with defendant Kodiak, which performed oilfield support and maintenance services for Aghorn, in Counts 8–9.

## Representation of the Defendants

Gerger, Hennessy, and Martin (GHM)[1] represented Aghorn's Vice President and co-defendant Trent Day during the pre-charge phase of this case. This included meeting with prosecutors to receive information as well as advocating on behalf of Day. After Indictment, Mr. Gerger ceased representation of Day and began representing Aghorn, which had been previously represented by Marla Poirot and Darrell Corzine, each of whom remain attorneys-of-record for Aghorn. After separating from GHM, Trent Day engaged two new counselors, Daniel Hurley and Brian Carney. The third defendant in this matter, Kodiak Roustabout, Inc. (Kodiak), is represented by Mr. Corzine who, as mentioned above, also represents Aghorn.

From the government's perspective, GHM's representation of defendant Day lasted from in or about September 2021 until on or about April 7, 2022, when GHM attorneys David Gerger and Matt Hennessy filed appearances in this case on behalf of Aghorn. (Entry of Appearance of Counsel, Doc. 20). These facts are not reflected on the record or Docket. Counsel for the government spoke with Mr. Gerger regarding Day's representation, and Mr. Gerger verbally represented that he fully briefed Day on any conflict issues and that Day waived his ability to prevent Aghorn from retaining GHM in this matter. He also represented that Aghorn's corporate

---

[1] The firm is listed as Gerger, Hennessy, and McFarlane on the Docket, but Gerger, Hennessy, and Martin on the firm's website. In either event, the acronym GHM is appropriate.

officers were briefed on the potential conflicts and waived the same.[2]

## Legal Standards

The Sixth Amendment's right to counsel includes the right to representation that is free from conflicts of interest. See, e.g., United States v. Greig, 967 F.2d 1018, 1021 (5th Cir. 1992). However, this right can be waived. Id. "A conflict [of interest] exists when defense counsel places himself in a position conducive to divided loyalties." United States v. Medina, 161 F.3d 867, 870 n. 1 (5th Cir. 1998) (quoting United States v. Carpenter, 769 F.2d 258, 263 (5th Cir. 1985)) (edits in original, internal quotations omitted). When an actual conflict exists and is allegedly waived by a defendant, a trial court must conduct an inquiry probing whether the waiving defendant was fully informed of the dangers of waiver and nevertheless waived the Sixth Amendment right to conflict-free counsel. Carpenter, 769 F.2d at 262 (citing United States v. Garcia, 517 F.2d 272, 277-78 (5th Cir. 1975), abrogated on other grounds). When a potential conflict exists, a trial court is empowered to hold a hearing inquiring into the quality of any waivers, even though such a hearing is not mandated. See Wheat v. United States, 486 U.S. 153, 161 (1988) ("To be sure, this need to investigate potential conflicts arises in part from the legitimate wish of district courts that their judgments remain intact on appeal.").

The countercurrent to these precepts is the "presumption in favor of counsel of choice." Id. at 160. However, this presumption in favor of choice is not unfettered. The essential aim of the Sixth Amendment is to ensure effective counsel for criminal defendants, not to guarantee that a "defendant will inexorably be represented by the lawyer whom he prefers." Id. at 159.

---

[2] Mr. Corzine's representation of Kodiak and Aghorn could present conflicts, but is less likely to do so.

**Factual Discussion**

Here, the potential for a conflict of interest is apparent. For example, GHM is presumably in possession of client confidences from Trent Day, gained during the time in which it represented him, that could aid its current client Aghorn as this litigation progresses. Further, in the progression of any case, defendants can change positions or strategies.

Count One of the Indictment provides one example of a potential conflict. That Count alleges that Aghorn and Trent Day, as owner and operator, respectively, of a stationary source violated the general duty clause of the Clean Air Act, 42 U.S.C. § 7412(r). The general duty clause requires owners and operators of stationary sources to, among other things, prevent the accidental release of a hazardous substance into the ambient air; to design and maintain a safe facility; and to minimize the consequences of accidental releases which do occur. The government does not know, and is not attempting to predict, the defendants' approach(es) to this case but the <u>potential</u> for conflict just under this count is easy to see. Aghorn could, for example, try to point a finger at Day for any shortcomings that might have existed. Day, for his part, could point right back at Aghorn saying that he was carrying out corporate policy. This could theoretically put GHM in a spot where its duty to its former client, Day, prevents it from zealously advocating for Aghorn if such advocacy would call for a betrayal of Day's confidences. Nothing in the government's interactions with the attorneys from GHM suggests that this scenario is imminent, but the potential for the situation counsels in favor of the Court conducting an inquiry, including an examination of any waivers on the record in the event appellate review is required.

WHEREFORE, the government respectfully requests that the Court hold a hearing to inquire into potential conflicts of interest and waivers

        Respectfully submitted,

        TODD KIM
        ASSISTANT ATTORNEY GENERAL
        ENVIRONMENT and NATURAL RESOURCES
        DIVISION

        By: /s/ Christopher J. Costantini
        CHRISTOPHER J. COSTANTINI
        Senior Trial Attorney
        Pennsylvania Bar No. 64146
        Environmental Crimes Section
        Environment & Natural Resources Division
        4 Constitution Square
        150 M Street, NE, Suite 4.212
        Washington, DC 20044

        By: /s/ Mark T. Romley
        MARK T. ROMLEY
        Trial Attorney
        California Bar No. 240655
        Environmental Crimes Section
        Environment & Natural Resources Division
        999 18th Street
        Suite 370, South Terrace
        Denver, CO 80202

**Certificate of Service**

I certify that on January 9, 2023, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel of record.

By: /s/ Christopher J. Costantini
Senior Trial Attorney

**Certificate of Conference**

A copy of this pleading was provided to defense counsel before filing. Current counsel for Mr. Day and counsel for Aghorn provided the following certificate of conference:

The potential for conflict was disclosed to Mr. Day and to Aghorn and waived at the outset of this case. We of course will comply with any other measures or waivers that the Court believes are necessary of Mr. Day or Aghorn.