**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. MO:22-CR-49-DC** |
| | § | |
| **AGHORN OPERATING, INC.,** | § | |
| **TRENT DAY and** | § | |
| **KODIAK ROUSTABOUT, INC.** | § | |

## <u>MEMORANDUM OPINION</u>

On October 26, 2019, Jacob and Natalee Dean died on a lease operated by Defendant Aghorn Operating, Inc. ("Aghorn") after exposure to hydrogen sulfide ("H2S"), a colorless, poisonous gas present at a pump house. Trent Day ("Day") was a chemical engineer and the Vice President of Aghorn who supervised all field operations and employees. On March 3, 2022, a federal grand jury returned an indictment charging Defendants Aghorn and Day (collectively, "Defendants"), in relevant part, with two violations of the Clean Air Act. Counts One and Two allege knowing violations of statutes enacted to prevent releases of extremely hazardous substances into the atmosphere. On November 21, 2022, Defendants filed their Motion to Dismiss Count Two of the Indictment for Failure to State an Offense (Doc. 28) and Motion to Dismiss Count One for Vagueness (Doc. 29). The Government responded (Docs. 34, 35), and Defendants filed Reply briefs (Docs. 40, 41, 46). The Court held argument on the motions. After due consideration, Defendants' Motions to Dismiss on Counts One and Two shall be **DENIED** as premature. (Docs. 28, 29).

## I.   LEGAL STANDARD

### A.   Failure to State an Offense

A motion to dismiss "for failure to state an offense is a challenge to the sufficiency of the indictment."[1] Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment be a

---

[1] *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021).

"plain, concise and definite written statement of the essential facts constituting the offense charged." "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated."[2]

"An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense."[3] "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[4] It is "generally sufficient that an indictment set forth the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense."[5]

"Although the defendant is entitled to a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt."[6] It is not necessary for an indictment to allege in detail the factual proof that will be relied upon to support the charges.[7] Evidentiary questions should not be determined by pretrial motions.[8]

B.    **Vagueness Challenge**

A claim that a statute is "void for vagueness" is an outgrowth of the Due Process Clause of the Fifth Amendment in the U.S. Constitution.[9] A statute fails to comport with due process if it does not provide a person of ordinary intelligence fair notice of what is prohibited or is so standardless

---

[2] *United States v. Moss*, 872 F.3d 304, 308 (5th Cir. 2017).
[3] *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986).
[4] *Id.*
[5] *Id.*
[6] *Id.* at 1172.
[7] *United States v. Williams*, 679 F.2d 504, 509 (5th Cir. 1982).
[8] *United States v. Miller*, 491 F.2d 638, 647–48 (5th Cir. 1974).
[9] *United States v. Williams*, 553 U.S. 285, 304 (2008); *United States v. McRae*, 702 F.3d 806, 836 (5th Cir. 2012).

that it authorizes or encourages seriously discriminatory enforcement.[10] Unless a vagueness challenge involves First Amendment rights, the statute must be examined as applied, that is "in the light of the facts of the case at hand."[11] In other words, the analysis is how the statute applies to a particular defendant.[12]

## II.   DISCUSSION

### A.   Defendants' Motion to Dismiss Count Two

The Indictment alleges the knowing release of H2S in amounts deemed immediately dangerous to life or health inside and outside the pump house. Count Two tracks the elements of the statute and sets out all elements necessary to constitute the offense thereby informing Defendants what charge they must be prepared to meet. Specifically, the Indictment states between April 2017 to October 26, 2019, Defendants:

> knowingly released into the ambient air an extremely hazardous substance, to wit: hydrogen sulfide, and knew at the time that they thereby placed another person in imminent danger of death or serious bodily injury.

Defendants' Motion seeks to litigate the underlying facts of this case—namely, how far the emission of toxic H2S extended past the pump house.  There is no dispute that the Indictment alleges a release into the ambient atmosphere. Paragraph 27 of the Indictment states:

> The Odessa Fire Department and the Ector County Sheriff's Office responded to the scene on October 26, 2019. Both bay doors of the pump house were open and dangerously elevated levels of H2S were detected.

(Doc. 1 at 6). The open bay doors demonstrate the H2S inside the pump house had egress to the air outside. Further, the Indictment alleges dangerous levels of H2S released into the ambient air outside the pump house "with a reading outside one of the bay doors of 150 ppm." (Doc. 1 at 7).

---

[10] *Williams*, 553 U.S. at 304; *McRae*, 702 F.3d at 837.
[11] *United States v. Mazurie*, 419 U.S. 544, 550 (1975).
[12] *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 33 (1963) ("a statute must of necessity be examined in the light of the conduct with which a defendant is charged"); *United States v. Edwards*, 182 F.3d 333, 335 (5th Cir. 1999) ("when a vagueness challenge does not involve First Amendment freedoms, we examine the statute only in light of the facts of the case at hand").

Defendants argue the relevant statute only prohibits hazardous releases into the ambient air, which the statute does not define. Further, Defendants urge the Court to look to the regulations to define the term "ambient air" as follows: "Ambient air means that portion of the atmosphere, external to buildings, to which the general public has access."[13] Defendants interpret this regulation to mean that ambient air exists only beyond a private fence line. The Court disagrees.

Neither party argues that the term "ambient air" is ambiguous. "If the statutory text is unambiguous, our inquiry begins and ends with the text."[14] Where the language is clear, "the court's sole function is to enforce it according to its terms."[15] Undefined words in a statute must be given their ordinary or natural meaning.[16] Thus, the Court will conduct a plain language analysis.

While the Environmental Protection Agency ("EPA") has construed "ambient air" to mean "outside the fence line," under 40 C.F.R. § 50.1(e), this regulation and correlative administrative guidance targets ongoing air pollution, not endangerment from catastrophic one-time releases.[17] Further, the text of the regulation itself narrowly applies to only "this part" of the statute. Therefore, the EPA's regulatory definition of "ambient air" is inapplicable. Moreover, definitions in the Clear Air Act are severable.[18] Accordingly, the Court applies the plain, unambiguous meaning of the term "ambient air" to the relevant statute and need not consult canons of statutory construction.

Defendants rely on *United States v. Ho*, Cause No. 4:00-CR-00183 (S.D. Tex. Dec. 1, 2000) (ECF No. 94 at 8), in which the court excluded expert testimony at trial about the air inside a hospital in a case involving a knowing endangerment charge, concluding that testimony about the air inside the hospital was not relevant because it did not address "any imminent danger of death nor

---

[13] 40 C.F.R. § 50.1(e).

[14] *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 633 (5th Cir. 2013).

[15] *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989); *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (where the will of Congress "has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive").

[16] *Bailey v. United States*, 516 U.S. 137, 145 (1995).

[17] *United States v. E.I. Du Pont De Nemours and Co.*, — F. Supp. 3d. —, —, 2022 WL 3566843, *13 (S.D. Tex. 2022).

[18] *Environmental Defense v. Duke Energy Corp.*, 549 U.S. 561, 576 (2007) (holding that "modification" can mean two different things under the same statute).

serious bodily injury as a result of the defendant's release of asbestos into the ambient air." But in the present case, the Government alleges highly concentrated toxic H2S was released from the pump house into the outdoor air. The issue in *Ho* was not the sufficiency of the allegations but the relevance of expert testimony about air in a building. In contrast, this case concerns release of H2S inside and outside a pump house. Thus, the facts of *Ho*, which involved asbestos released inside the hospital building only, are distinguishable.

Defendants also cite *United States v. Margiotta*, CR 17-143-BLG-SPW-2, 2020 WL 820835, at *2 (D. Mont. Feb. 19, 2020) (unpublished), where the Court and prosecutor agreed that the Government could meet the definition of the fence line. But the fact that the *Margiotta* court gave a fence line instruction to avoid an appellate issue does not further Defendants' position in the present case, particularly where the evidence as to how far the H2S traveled is disputed by the parties.

Instead, the Court finds the definition used by the court in *United States v. O'Connell*, No. 17-CR-50, 2017 WL 4675775, at *3 (E.D. Wis. Oct. 17, 2017), persuasive:

> The word "ambient" does not mean "outdoors"; it means "existing or present on all sides; encompassing." Merriam Webster's Collegiate Dictionary 36 (10th ed. 1999). Construing the term "ambient air" to include air inside the building does not make the word "ambient" superfluous. It means that it is not enough for asbestos simply to be present in an isolated portion of the air; it must be diffused into the surrounding air, whether that air is inside or outside the building.

Again, the Indictment alleges the H2S release traveled beyond the pump house. Even if "ambient air" is limited to air beyond a building, the indictment sufficiently alleges Defendants released the H2S outside the pump house and how far the gas traveled is a fact issue for trial. Because the Indictment tracks the statutory language and sufficiently alleges the required mens rea, it is sufficient to withstand Defendants' Motion to Dismiss. Any remaining issues raised should be litigated at trial. The Indictment need not go into further evidentiary details or anticipate defenses. Since Count Two of the Indictment states an offense, Defendants' Motion to Dismiss is **DENIED**. (Doc. 28).

**B.**     **Defendants' Motion to Dismiss Count One**

Defendants move to dismiss Count One of the Indictment on the ground that the "General Duty Clause" of the Clean Air Act, 42 U.S.C. § 7412(r)(1), is unconstitutionally vague. Regardless of whether the relevant statute could be vague as applied to some conduct, "[a] person whose conduct is clearly proscribed by a statute cannot . . . complain that the law is vague as applied to the conduct of others."[19] A defendant whose conduct is clearly prohibited cannot challenge a statute as unconstitutionally vague.[20]

The facts of this case trigger an as applied vagueness analysis precluding a pre-trial granting of the Motion, which must be decided in the context of the evidence presented at trial. Though Defendants need not prove the statute is vague in all applications, Defendants must show that the statute is vague as applied to their particular conduct. Thus, the vagueness challenge fails and Defendants' Motion to Dismiss Count One is **DENIED**. (Doc. 29).

### III.   Conclusion

It is therefore **ORDERED** that Defendants' Motions to Dismiss Count One and Two of the Indictment are **DENIED** without prejudice. (Docs. 28, 29).

It is so **ORDERED**.

SIGNED this 10th day of February, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[19] *McRae*, 702 F.3d at 837.
[20] *United States v. Westbrook*, 858 F.3d 317, 325 (5th Cir. 2017), vacated and remanded on other grounds, 138 S. Ct. 1323 (2018).